IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 00-60315

---

IN THE MATTER OF: SUPERIOR BOAT WORKS INC.,

                                        Debtor,

--------------------------------------------

MISSISSIPPI STATE TAX COMMISSION;
LADY LUCK MISSISSIPPI, INC.;
BLUE SEA DEVELOPMENT, INC.;
ANDREW THOMPKINS,

                                        Appellees,

        versus

SUPERIOR BOAT WORKS INC.,

                                        Appellant.

---

Appeal from the United States District Court
for the Northern District of Mississippi
(4:99-CV-99)

---

July 17, 2001

Before GARWOOD, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Superior Boat Works, Inc., (Superior) filed for Chapter 11

bankruptcy relief in the Northern District of Mississippi on June

---

[*]Pursuant to 5TH CIR. R.47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

30, 1993. The Mississippi State Tax Commission (the Commission) filed a claim against the estate for taxes allegedly due on Superior's sale of a gaming barge to Lady Luck of Mississippi, Inc., Blue Sea Development, Inc., and Andrew H. Thompkins (the Owners). After a trial on the merits in the resulting adversary proceeding, the bankruptcy court ruled that no taxes were due. The Commission appealed to the United States District Court for the Northern District of Mississippi, which reversed the bankruptcy court's order in part in an order dated March 8, 2000. Superior now appeals from that order pursuant to 28 U.S.C. § 158(d). Because Superior's appeal was not timely, we dismiss the appeal for lack of jurisdiction.

## Facts and Proceedings Below

In February, 1993, the Owners contracted with Superior, a Mississippi corporation engaged in the business of constructing and repairing towboats, barges and similar vessels. The contract involved the repair and conversion of a damaged tank barge into a replica of a riverboat to be used as a floating casino. The contract price was $ 6.4 million. Although the contract was signed in 1993, this contract was the finalized version of a verbal agreement which had been entered into some time earlier.

The barge was initially floated to Superior's dock on Lake Ferguson in Greenville, Mississippi, where Superior repaired the barge and erected a three-story casino structure on the barge,

-2-

beginning work in 1992. The vessel was then towed to Natchez, Mississippi, where Superior completed the final stages of the project. The vessel is currently operated at its mooring in Natchez under the name "Lady Luck."

Superior filed for relief under Chapter 11 of the Bankruptcy Code in the Northern District of Mississippi on June 30, 1993. The Mississippi State Tax Commission (the Commission) filed a proof of claim for taxes due, and Superior filed an objection. By order dated November 22, 1995, the bankruptcy court held that the Commission's claim taxing the transaction between Superior and the Owners as a residential construction was erroneous, but recognized that other taxes might be due on the transaction. With leave of court, the Commission filed an amended proof of claim, asserting that Superior either owed sales taxes pursuant to Miss. Code § 27-65-17, or a contractor's tax pursuant to Miss. Code § 27-65-21. Following a trial of the adversary proceeding, the bankruptcy court held that the contractor's tax did not apply, but that the sales tax did apply. However, the court also held that the transaction was exempt from the sales tax under Miss. Code § 27-65-101(1)(c) since the transaction was for the sale of a vessel or barge by the builder.

The parties appealed to United States District Court, which affirmed the application of the sales tax and its exemption,[1] but

---

[1] No party has appealed the district court's ruling that § 27-65-101(1)(c) exempts the sale of the Lady Luck from sales tax.

-3-

reversed the bankruptcy court's ruling regarding the applicability of the contractor's tax. The district court then remanded the case to the bankruptcy court for a determination of the amount of tax due under section 27-65-21. Superior now appeals the district court's order.

## Discussion

All parties to this litigation now argue on appeal that this Court lacks jurisdiction over the present appeal. However, the parties differ as to why we lack jurisdiction. The parties raise two basic issues relating to our jurisdiction in this case: the timeliness of Superior's appeal from the order of the district court, and the appealability of the district court's order. Because we hold that Superior's appeal was untimely, we do not reach the appealability of the district court's order.[2]

## Timeliness of Appeal

Since a timely motion for rehearing tolls the time for appeal until it is denied, the timeliness of this appeal depends on the timeliness of Superior's motion for rehearing before the district court. *See* Fed. R. App. P. 6(b)(2)(A)(i). The district court issued its ruling on Monday, March 8, 2000. According to Superior, its cross motion for rehearing was mailed on Monday, March 20,

---

[2]Superior asserts that the district court's order is not final, and hence is not appealable, because it remanded for further proceedings which Superior contends are significant rather than ministerial or mechanical. *See, e.g., Geosouthern Energy Corp. v. Chesapeake Operating*, 241 F.3d 388, 391-92 (5th Cir. 2001).

2000, but the docket shows the filing date of the motion as March 24, 2000. A motion for rehearing must be "filed" within ten days of a district court's judgment in a case on appeal from a bankruptcy court. Fed. R. Bankr. P. 8015. Bankruptcy Rule 9006(e) states that "[s]ervice of process and service of any paper other than process or of notice by mail is complete on mailing." Superior attempts to evade the requirements of Rule 8015 by arguing that Rule 9006(e) renders its mailing of its motion for rehearing a timely filing. Superior's argument, however, is flawed. "Filing" a motion with a court and "service" of a motion or other paper are distinct events. Since Superior's motion for rehearing was not actually filed until March 24, over two weeks after the district court's original order, its motion was untimely under Rule 8015.[3]

Since it was untimely, Superior's motion for rehearing did not toll the time for appeal, which began to run once the district court denied the Mississippi State Tax Commission's timely motion for rehearing on March 20, 2000. A motion for permission to appeal was filed with the Clerk of this Court on April 20, and the notice of appeal was sent by mail on April 21 and was docketed on April 24, 2000. A notice of appeal must be filed with the district clerk within thirty days after the order of the district court. *See* Fed. R. App. P. 4(a)(1)(A), 6(b)(2)(A)(i). The time for appeal runs from the date of the district court's order denying the Mississippi

---

[3] The district court denied this untimely motion for rehearing on April 12, 2000.

State Tax Commission's motion for rehearing: March 20, 2000. Fed. R. App. P. 6(b)(2)(A)(i). Thirty days from March 20 was Wednesday, April 19, 2000. Even if we treat the motion Superior filed with the Fifth Circuit Clerk for "permission to appeal" as a notice of appeal, Superior's filing was a day late. Superior's appeal is untimely under Rule 4(a)(1)(A). Accordingly, we are without jurisdiction to hear this appeal. *See Resident Council of Allen Parkway Village v. United States Dept. of Housing & Urban Development*, 980 F.2d 1043, 1048-49 (5th Cir.), *cert. denied*, 510 U.S. 820 (1993).

## Conclusion

Because Superior's motion for rehearing was untimely, it did not toll the time for appeal of the district court's ruling. Since our holding disposes of this case, we need not address whether the order of the district court was an appealable order under 28 U.S.C. § 158(d). The appeal is therefore

DISMISSED